IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | | |
| Plaintiff, | | **Case No. 1:13-cr-00593-MC** |
| v. | | |
| **ALAN LEROY MCVAY,** | | OPINION AND ORDER |
| Defendant. | | |

**MCSHANE, Judge**:

Defendant Alan Leroy McVay moves for compassionate release based on the circumstances of the rapidly evolving COVID-19 pandemic. Because Mr. McVay remains a danger to the community, his Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No. 34, is DENIED.

## LEGAL STANDARD

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate relief after exhausting all administrative remedies. The Court may reduce a defendant's sentence if:

> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The pertinent policy statement for sentence reductions related to medical ailments is found at U.S.S.G. § 1B1.13. "Circumstances that may present extraordinary and compelling reasons to reduce a defendant's sentence include a 'terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)' or 'a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover.'" *United States v. Bunnell*, No. CR1400119001PHXDGC, 2019 WL 6114599, at *1 (D. Ariz. Nov. 18, 2019) (quoting U.S.S.G. § 1B1.13, Application Note 1). The Court also considers whether the defendant is still a danger to the community by consulting the factors listed at 18 U.S.C. § 3142(g). U.S.S.G. § 1B1.13(2).

The Court may therefore reduce Mr. McVay's sentence under the First Step Act if it determines the existence of extraordinary and compelling reasons and that Mr. McVay is no longer a danger to the community. *Bunnell*, 2019 WL 6114599, at *1.

## DISCUSSION

The Court originally sentenced Mr. McVay to 180 months for one count of Malicious Destruction of Property by Explosion under 18 U.S.C. §844(i). J., ECF No. 27; Def.'s Mot. 3, ECF No. 34. Mr. McVay has 74 months of his prison term remaining. Def.'s Mot. 3.

At present, Mr. McVay is 53 years old and suffers from multiple health concerns, including hyperlipidemia, cardiac arrythmia, lower back pain, migraines, and dizzy spells, and he has a history of methamphetamine use. *Id.* at 4; *see also* Ex. A.[1] On May 4, 2020, he tested positive for COVID-19, but has since recovered. Def.'s Mot. 2. Even after recovering, Mr. McVay currently suffers from headaches, body aches, and trouble with his sense of smell and taste. *Id.* Mr. McVay is also serving his prison term in FCI Lompoc, which had the highest rate of COVID-19 infection

---

[1] Exhibits cited in this Opinion are attached to Def.'s Mot., ECF No. 34.

2 – OPINION AND ORDER

of any Bureau of Prison facility in the United States when Mr. McVay filed his motion with the Court. *Id.* at 9 (citing *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/). Because of the ongoing COVID-19 pandemic, Mr. McVay's underlying health conditions, and his medical issues likely caused by COVID-19 infection, he has possibly met the "extraordinary and compelling reasons" criteria, regardless of his reported recovery. U.S.S.G. § 1B1.13, cmt. n.1(B).

But even if the Court were to assume that Mr. McVay has met the extraordinary and compelling reasons criteria, Mr. McVay has failed to demonstrate that he is no longer a danger to the community. When assessing whether a defendant remains a danger to the community, the Policy Statement from U.S.S.G. § 1B1.13 directs the Court to consult the factors listed in 18 U.S.C. § 3142(g), which include: (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including their physical and mental condition, past conduct, history relating to drug or alcohol abuse, criminal history; (4) and whether, at the time of the current offense, the person was on probation, on parole, or on other release pending completion of a sentence. *See United States v. Spears*, Case No. 98-cr-0208-SI-22, 2019 WL 5190877, at *5 (D. Or. Oct. 15, 2019).

In November 2013, Mr. McVay threw a homemade bomb through the window of the Jackson County District Attorney's office. Ex. B at 6. While the explosion occurred early in the morning and harmed no one, the resulting property damage led to the closure of the District Attorney's office and the county courts. *Id.* Mr. McVay admits that he bombed the District Attorney's office to "buy some time" from sentencing and delay imprisonment.[2] *Id.* at 7.

---

[2] Mr. McVay was being sentenced in Jackson County for four counts of burglary and felon in possession of a firearm. Ex. B. at 5.

Ultimately, "[Mr. McVay] possessed the forethought and took the measured steps to research the creation of an explosive, gather the necessary components, pinpoint his target, and assemble the device before throwing it into a government building." Resp. to Def.'s Mot. to Reduce Sent. 10.

As a result, all the 18 U.S.C. § 3142(g) factors weigh against Mr. McVay because he committed a targeted, violent act to avoid facing consequences for his past criminal actions. The Court thus finds that Mr. McVay remains a danger to the community. U.S.S.G. § 1B1.13(2).

## CONCLUSION

For these reasons, Mr. McVay's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i), ECF No. 34, is DENIED.

IT IS SO ORDERED.

DATED this 9th day of October, 2020.

_s/Michael J. McShane_____ _____

Michael J. McShane
United States District Judge

4 – OPINION AND ORDER